UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHAD LEROY GOODWIN,

Plaintiff,

v.                                              CAUSE NO. 3:25-CV-73-PPS-AZ

CHRISTINA REGAL, et al.

Defendants.

OPINION AND ORDER

Chad Leroy Goodwin, a prisoner without a lawyer, filed a complaint against a number of defendants related to disparate events. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

First, Goodwin is suing "Mrs. Rasheed" for negligently causing his property to be lost or stolen on September 5, 2024. Next, he is suing Sgt. Brown and Sgt. Jones for using excessive force against him on September 8, 2024, in a prison dorm. Finally, after being transported in a prison van, Goodwin alleges he was assaulted by Officer Gonzalez, Sgt. Miller, Sgt. Creighten, and Sgt. Brown.

Goodwin has also named Warden Smiley and Commissioner Christiana Reagle as defendants, but he does not name them in the body of the complaint or describe any personal involvement in either the allege loss of property or the incidents of excessive force. Because the complaint does not allege any personal involvement on the part of Warden Smiley or Commissioner Christian Reagle, Goodwin cannot proceed against them. This is because there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596.

Goodwin's remaining allegations regarding Mrs. Rashead losing his property on September 5, 2024, and several other officers using excessive force against him on September 8, 2024, are not part of the same transaction or occurrence and cannot be brought in the same lawsuit. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012). It is my practice to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

I could properly limit this case by picking a claim (or related claims) for Goodwin because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, I could split the unrelated claims because "[a] district judge [can] . . . solve the problem by severance (creating multiple suits that can be separately screened) . . . ." *Id*. But both of these solutions pose potential problems because it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Goodwin is unable to select related claims on which to proceed in this case, one of these options may become necessary.

To avoid some of these pitfalls, I will grant Goodwin an opportunity to file an amended complaint containing additional factual details and only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Goodwin needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

If he decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, as required by Northern District of Indiana Local Rule 7-6. In the amended complaint, he should explain in his own words what happened, when it

happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Chad Leroy Goodwin along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form;

(2) GRANTS Chad Leroy Goodwin until **November 10, 2025**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Chad Leroy Goodwin that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

**SO ORDERED** on October 10, 2025.

                                          /s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT