UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHAD LEROY GOODWIN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-73-PPS-AZ |
| CHRISTINA REGAL, et al. | |
| Defendants. | |

OPINION AND ORDER

Chad Leroy Goodwin, a prisoner without a lawyer, filed a complaint that contained unrelated claims. ECF 1; ECF 16. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). I notified Goodwin of the problem and gave him an opportunity to decide which claim (or related claims) to pursue in this case and file an amended complaint raising only those claims. Goodwin was warned that, if he did not limit this case to related claims, I would pick a claim (or related claims) for him. *See Wheeler*, 689 F.3d at 683 ("[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21."). Goodwin did not file an amended complaint, and so I will limit this case for him. After reviewing the complaint, I will restrict this case to Mr. Goodwin's excessive force claims arising from incidents on

September 8, 2024. His claims against Mrs. Rasheed for negligently causing his property to be lost or stolen on September 5, 2024, will be dismissed without prejudice.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Goodwin alleged that, on September 8, 2024, he was involved in some sort of incident on B center dorm. As he was being placed in mechanical restraints, Sgt. Brown and Sgt. Jones allegedly kicked and punched him several times. He further alleges that, while transporting him to a holding cell, these officers allowed him to fall freely down half a flight of stairs, causing him to hit his head and become unconscious. They allegedly continued to bounce his head off the walls as they led him to the holding cell.

He was transported by van to another area of the facility. When he arrived, Officer Gonzalez, Sgt. Miller, Lt. Creighton gut punched him and drug him inside the building. He was placed in a visitation cubical, stripped of his shoes, and beaten. Sgt. Brown was present at this time and grabbed his pinky finger, snapping it to the side. When he was taken to his assigned housing unit, he was warned not to speak of the assault, because they would return.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Here, giving Goodwin the benefit of all favorable inferences, he may proceed against Sgt. Brown, Sgt. Jones, Officer Gonzalez, Sgt. Miller, and Lt. Creighton for violating the Eighth Amendment by using excessive force against him on September 8, 2024.

Goodwin has also named Warden Jason Smiley and Commissioner Christiana Reagle as defendants, but he has not named them in the body of the complaint and doesn't describe any personal involvement in the alleged incidents of excessive force. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Thus, Goodwin may not proceed against Warden Smiley or Commissioner Christian Reagle.

For these reasons, the court:

(1) DISMISSES Goodwin's claims against Mrs. Rasheed for negligently causing his property to be lost or stolen on September 5, 2024, pursuant to Federal Rule of Civil Procedure 21;

(2) GRANTS Chad Leroy Goodwin leave to proceed against Sgt. Brown, Sgt. Jones, Officer Gonzalez, Sgt. Miller, and Lt. Creighton in their individual capacities for compensatory and punitive damages for using excessive force against Goodwin on September 8, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Commissioner Christina Regal and Warden Jason Smiley;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Brown, Sgt. Jones, Officer Gonzalez, Sgt. Miller, and Lt. Creighton at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Brown, Sgt. Jones, Officer Gonzalez, Sgt. Miller, and Lt. Creighton to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  January 13, 2026.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT